# *Ex parte* J. R. HARRIS.

No. A-1426.   Opinion Filed December 7, 1912.

(128 Pac. 156.)

1. **INDICTMENT AND INFORMATION**—Variance—Larceny—Receiving Stolen Goods—Former Jeopardy. (a) In this jurisdiction, an indictment for larceny does not include the crime of receiving stolen property, knowing the same to have been stolen.

(b) When a person is lawfully put on trial on a charge of larceny, and a jury returns a verdict under the instructions of the court finding such person guilty of receiving stolen property, knowing the same to have been stolen, such verdict is equivalent to an acquittal on the larceny charge, and another trial cannot be had on the indictment.

2. **HABEAS CORPUS**—Void Judgment—Release of Accused. A trial court cannot render judgment imposing a sentence in the penitentiary for larceny when the verdict of the jury convicts of receiving stolen property, knowing the same to have been stolen. And when it clearly appears that a person was tried for larceny and convicted by the jury of receiving stolen property, knowing the same to have been stolen, and was sentenced to the peniten-

tiary by the trial court upon the original charge of larceny, such judgment is void, and the person accused is entitled to be discharged on the writ of habeas corpus.

3.     **TRIAL**—Judgment—Verdict. The judgment of the court must in all cases be based upon the verdict of the jury, and the verdict of the jury must be responsive to the issue joined by the indictment or information and the plea of the person on trial thereto, otherwise the court is without jurisdiction to render judgment thereon.

(Syllabus by the Court.)

Petition of J. R. Harris for writ of *habeas corpus*. Writ granted.

*Summers Hardy, Wm. M. Franklin,* and *Geo. S. March,* for petitioner.

*Smith C. Matson,* Asst. Atty. Gen., opposed.

ARMSTRONG, J. This is an original application for a writ of *habeas corpus* by J. R. Harris, who was tried in the district court of Murray county in September, 1909, on an indictment charging him with larceny of domestic animals. The charging part of the indictment is as follows:

" * * * Do present and find that in said Murray county and state of Oklahoma, on the 24th day of September, in the year of our Lord one thousand nine hundred and eight, and prior to the finding of this indictment, J. R. Harris and Charles Lewis, then and there being, did then and there by stealth willfully, unlawfully, and feloniously steal and carry away personal property of another, to wit, two bay mules and one black mare then being the property of one N. A. Armos, with willful, unlawful, and felonious intent to deprive another thereof and to appropriate the same to their own use and benefit. And so the grand jurors aforesaid, upon their oaths aforesaid, do say and find that J. R. Harris and Charles Lewis, in the manner and form and by the means aforesaid, did willfully, unlawfully, and feloniously steal and carry away said two mules and mare aforesaid, with the willful, unlawful, and felonious intent to deprive another thereof and to appropriate the same to their own use and benefit, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State."

When the case was called for trial, a severance was asked by petition and granted by the court. The trial resulted in the jury returning the following verdict, to wit:

"We, the jury, impaneled and sworn to try the issues in the above-entitled cause, do upon our oaths, find the defendant guilty of receiving stolen property knowingly, and fix his punishment at 2½ years in the state penitentiary.

"JOHN L. MEYERS, Foreman."

Thereafter the following judgment was pronounced by the court:

" * * * The prisoner above named, J. R. Harris, defendant, being personally present in open court and having been legally indicted and arraigned, and having plead not guilty to the crime of grand larceny charged in said indictment, and having been then and there in said court, duly and legally tried and convicted of said crime, and upon being asked by the court whether he had any legal cause to show why judgment and sentence should not be pronounced against him, and giving no good reason in bar thereof, and none appearing to the court: It is therefore ordered, adjudged, and decreed by the court that the said J. R. Harris be confined in the state penitentiary at McAlester, in the state of Oklahoma, for the term of two and one-half years for said crime by him committed. Said term of imprisonment to begin at and from the 18th day of September, A. D. 1909, and that said defendant pay the costs of this prosecution, for which execution is awarded. It is further ordered, adjudged, and decreed by the court that the sheriff of Murray county, state of Oklahoma, transport said J. R. Harris to the said penitentiary at McAlester, in the state of Oklahoma, and that the warden of said penitentiary do confine and imprison said defendant in accordance with this judgment, and that the clerk of this court do immediately certify, under the seal of the court, and deliver to the sheriff aforesaid, two copies of this judgment, one of said copies to accompany the body of said defendant to the said penitentiary and to be left therewith to be warrant and authority for the imprisonment of said defendant in said penitentiary, and the other copy to be warrant and authority of said sheriff for the transportation and imprisonment of said defendant, as hereinbefore provided. Said last-named copy to be returned to the clerk of said court with the proceedings of said sheriff thereunder indorsed thereon. Done in open court this 16th day of September, 1909.

"R. McMILLAN, Judge."

In the case of *Vickers v. United States,* 1 Okla. Cr. 458, 98 Pac. 469, discussing the principle here involved, this court in an opinion by Doyle, J., said:

"To authorize a judgment, the verdict in a criminal case must respond to the issues submitted to the jury. Its sufficiency is determined by ascertaining whether it is responsive to and covers the offense charged in the indictment. 12 Cyc. p. 690. It must contain within its system, or by reference to the indictment, every material element of the crime. Where an indictment shows a crime, a general verdict of guilty, in manner and form as charged in the indictment, is a special finding of each element of the crime as charged, and is sufficient. Reference to the indictment is limited to the crime therein charged. In this case, while the indictment is labeled 'indictment for rape,' the only offense charged is assault, and the verdict was a verdict merely of assault and not rape, and, as a general verdict, it was not sufficient to authorize the judgment and sentence. The court did not submit to the jury whether the defendant was guilty of assault with intent to commit rape. If the indictment had properly charged the offense of rape, this offense would have been included also, and whenever the evidence, as in this case, warrants it, the duty of the court is to instruct the jury upon the other offenses included in the crime charged. *Pratt v. State,* 51 Ark. 167, 10 S. W. 233."

The indictment in this case charged the petitioner with the crime of larceny of domestic animals. The verdict of the jury found him guilty of receiving stolen property. The judgment of the court imposes a sentence upon him for larceny. The crime of larceny under our law does not embrace that of receiving stolen property. The elements of the offense are different, and there was nothing in this indictment to put the petitioner upon notice that he would be tried upon the charge of receiving stolen property. 

It is contended that the court did not have jurisdiction to render judgment against the petitioner for the crime of larceny upon a verdict finding him guilty of receiving stolen property, and that the jury was without lawful power to render a verdict of guilty of receiving stolen property under the indictment. This contention is sound and is conceded by the Assistant Attorney General. See *State v. Rechnitz,* 20 Mont. 488, 52 Pac. 264; *Gray v. State,* 24 Tex. App. 611, 7 S. W. 339.

Section 20, art. 2, of the Constitution, provides that the accused shall be informed of the nature and cause of the action

against him.   Section 6696, Comp. Laws 1909, provides that a statement of the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended, shall be contained in the indictment.   Section 6697, *Id.,* provides that the indictment must be certain and direct as to the party charged, the offense charged, and the particular circumstances of the offense when necessary.   Section 6699, *Id.,* provides that the indictment must charge but one offense unless the same act might constitute different offenses, or the proof be uncertain as to which of two or more offenses the accused might be guilty, and it is then provided that the different offenses may be set forth in separate counts in the same indictment, or that the same offense might be set forth in different terms or degrees under different counts, or might be alleged in the alternative in the same count.   Under these provisions, the judgment of conviction in this case was not responsive to any issue embraced in the charge.   The judgment of conviction is void, and the district court of Murray county was without jurisdiction to render the same.   See *Gaither v. State,* 21 Tex. App. 527, 1 S. W. 456; Brown on Jurisdiction, section 110.

In the case of *Ex parte Justus,* 3 Okla. Cr. 111, 104 Pac. 933, 25 L. R. A. (N. S.) 483, discussing the principle at issue, this court in an opinion by Owen, J., says:

"This court on *habeas corpus* will not look beyond the judgment and sentence of any court of competent jurisdiction as to any mere irregularities of procedure or errors in law on questions over which the court had jurisdiction.   A judgment in its nature concludes the subject on which it is rendered, and pronounces the law of the case.   The judgment of a court of record, whose jurisdiction is final, is as conclusive on all the world as the judgment of this court would be.   It is as conclusive on this court as on other courts.   It puts an end to inquiries concerning the fact by deciding it.   But there is a very material difference between an irregularity in procedure that renders a judgment voidable and revisable on a writ of error or appeal, and acts which exceed the court's jurisdiction, or which deny to the defendant a constitutional right, and thereby render the judgment

void. While the writ of *habeas corpus* cannot be used to perform the office of a writ of error or appeal, and the remedy by *habeas corpus* should be limited to cases in which the judgment or sentence attacked is clearly void by reason of its having been rendered without jurisdiction, or by reason of the court having exceeded its jurisdiction in the premises, if the petitioner be imprisoned under a judgment of a court which had no authority to render the judgment complained of, then relief may be accorded. This principle is announced by the great weight of authority, and has been repeatedly adhered to by the Supreme Court of the United States. *In re Lane*, 135 U. S. 443, 10 Sup. Ct. 760, 34 L. Ed. 219; *In re Frederich*, 149 U. S. 70, 13 Sup. Ct. 793, 37 L. Ed. 653; *Ex parte Tyler*, 149 U. S. 164, 13 Sup. Ct. 785, 37 L. Ed. 689; *In re Swan*, 150 U. S. 637, 14 Sup. Ct. 225, 37 L. Ed. 1207."

In *Ex parte Gudenoge*, 2 Okla. Cr. 110, 100 Pac. 39, this court, in an opinion by Doyle, J., says:

"Every exercise of power to punish a violation of a judicial order is, however, subject to one important qualification, namely: It is absolutely essential that the court making the order should have acted directly within jurisdictional limits, otherwise the disobedience of such an order will be no contempt. In the absence of jurisdiction, the judgment is a nullity; and, if the punishment be by imprisonment, the contemner will be released on the hearing of a writ of *habeas corpus*. *Ex parte Rowland,* 104 U. S. 604, 26 L. Ed. 861; *Ex parte Fisk,* 113 U. S. 713, 5 Sup. Ct. 724, 28 L. Ed. 1117; *Ex parte Crenshaw*, 80 Mo. 447. The rule, now supported by high and abundant authority and excellent reason, is that the court must not only have jurisdiction over the person and the subject-matter, but authority to render the particular judgment. *People v. Liscomb*, 60 N. Y. 559, 19 Am. Rep. 211; *Ex parte Degener*, 30 Tex. App. 566, 15 S. W. 1111; *Holman v. Austin*, 34 Tex. 668. In a late work on Jurisdiction, the author, in discussing the three essential elements necessary to render a conviction valid, says: 'These are that the court must have jurisdiction over the subject-matter, the person of the defendant, and authority to render the particular judgment. If either of these elements are lacking, the judgment is fatally defective.' Brown on Jurisdiction, par. 110. 'Such want of jurisdiction to render the particular judgment may arise either from a constitutional prohibition against the infliction of such punishment in such cases, or from the infliction of a punishment in excess of that, or the commitment may be for an indefinite time, or it may arise from the punishment, as a contempt of an

act of default, which in law is not contempt.' A. & E. Encyc. (2d Ed.) vol. 7, p. 37."

The petitioner having been placed on trial on a charge of larceny, and the jury having found him guilty of receiving stolen property, the court could not sentence him to the penitentiary for larceny. The judgment must be based upon the verdict of the jury; the verdict of the jury must be responsive to the issue joined. As the verdict in this case has not been set aside, and the petitioner having once been in jeopardy, he cannot be again tried on this indictment. See *State v. Frank Frisbie, post,* 127 Pac. 1091, decided at the present term.

Let the writ issue and the petitioner be discharged.

FURMAN, P. J., and DOYLE, J., concur.