## Ex parte WILL GRANT.

No. A-5433. Opinion Filed Nov. 4, 1925.
(240 Pac. 759.)

C. R. Reeves and M. C. Reddington, for petitioner.

George F. Short, Atty. Gen., G. B. Fulton, Asst. Atty. Gen., and J. K. Wright, Co. Atty., of Oklahoma City, for the State.

DOYLE, J. The petition for writ of habeas corpus, with a duly unauthenticated transcript of the record attached, shows that on February 14, 1923, an information was filed in the district court of Oklahoma county charging that the petitioner, Will Grant, in said county, on February 5, 1923, committed a crime which is designated in the information as robbery in the first degree. That on the trial the jury returned the following verdict:

"We, the jury drawn, impaneled, and sworn in the above-entitled cause, do upon our oaths find the defendant guilty as charged in the indictment, and assess his punishment in the state penitentiary for 40 years.

"Carl Meeker, Foreman."

On this verdict the petitioner was sentenced by the court, Hal Johnson, Judge, to imprisonment in the penitentiary for 40 years for the crime of burglary in the first degree.

Omitting formal parts, the judgment is as follows:

"It is therefore hereby considered, ordered, adjudged and decreed by the court that the said Will Grant be con-

ducted from the bar of the said court to the jail of said county, and from thence to the penitentiary of the state of Oklahoma, and that he be committed to, and imprisoned in the state penitentiary at McAlester, in the state of Oklahoma, and confined in said penitentiary for the term of 40 years for said offense of burglary in 1st degree, said term of sentence to begin at and from date of delivery to warden of penitentiary, and that said defendant pay the costs of this prosecution, taxed at $——, for which judgment is hereby rendered against the said defendant."

That upon the commitment issued on said judgment he was delivered to the warden, as shown by the following return:

"Oklahoma State Penitentiary, McAlester, March 18, 1923, Received of Tom Cavnar, sheriff of Oklahoma county, Will Grant, a prisoner sentenced to a term of 40 years for the crime of burglary in the first degree. J. H. Townsend, Warden; A. J. Jedlicka, Deputy Warden."

That the petitioner is now held in custody to serve said sentence of 40 years for burglary in the first degree, without due process of law, in that said judgment and sentence is void, for the reason that said information does not charge the crime of robbery or burglary, and the petitioner never had a preliminary hearing or waived the same to the charge of burglary. That said verdict does not find him guilty of burglary in the first degree, and is void for uncertainty. That for the reasons stated said district court was without jurisdiction to render said judgment and sentence, and praying that a writ of habeas corpus issue to W. S. Key, warden, to the end that petitioner may be released from such imprisonment.

The office of the writ of habeas corpus is to afford the citizen a speedy and effective method of securing his release when illegally restrained of his liberty. Its scope, when directed to an inquiry into the cause of imprisonment in judicial proceedings, extends to questions affecting the jurisdiction of the court and the sufficiency in point of

law of the proceedings. Mere errors or irregularities in a judgment or proceeding of a court under and by virtue of which a person is imprisoned, which are not of such a character as to render the proceedings void, cannot be reviewed on an application for a writ of habeas corpus. Where a prisoner in custody under sentence of conviction seeks to be discharged on habeas corpus, the inquiry is limited to the questions whether the court in which the prisoner was convicted had jurisdiction of the person of the defendant and of the crime charged, and did the court have jurisdiction to render the particular judgment.

Section 1784, C. S. 1921, our Penal Code, defines robbery as follows:

"Robbery is a wrongful taking of a personal property in the possession of another from his person or immediate presence and against his will, accomplished by means of force or fear."

Section 1785, Id., provides:

"To constitute robbery, the force or fear must be employed either to obtain or retain possession of the property, or to prevent or overcome resistance to the taking. If employed merely as a means of escape, it does not constitute robbery."

The information in this case does not contain the essential allegations that the alleged stolen property was taken from the possession of another or from his person or immediate presence and against his will, and at most it charges larceny. The fact that the information designated the offense as robbery in the first degree is immaterial, as the offense charged depends upon the facts alleged. The record shows that the petitioner was tried for robbery, but was sentenced for burglary in the first degree. The decisive question presented is, Did the court have jurisdiction to render the judgment and sentence by which the petitioner is imprisoned?

It would seem to be beyond controversy that there is nothing to support a finding of the court that the petitioner was guilty of burglary in the first degree. He was not tried upon that charge, either by the court or the jury, and his plea of not guilty was entered to the charge of robbery as set forth in the information.

In Ex parte Dela, 25 Nev. 346, 60 P. 217, 83 Am. St. Rep. 603, it appeared that the petitioner was indicted for the crime of murder, alleged to have been committed in the perpetration of the crime of rape. By the verdict of the jury he was convicted of the crime of rape, and the court sentenced him to 20 years' imprisonment. He was discharged upon habeas corpus, and the Supreme Court in concluding their opinion say:

"Believing the judgment of this case to be void because the court had no jurisdiction of the subject-matter, that is, of the crime for which he was convicted, for the reason that the defendant was neither indicted nor tried for the crime of rape, and that the execution of the judgment deprives the petitioner of his liberty without due process of law, the commitment issued on said judgment does not justify his further detention, and he will accordingly be discharged."

In Ex parte Lange, 18 Wall. 176, 21 L. Ed. 872, Mr. Justice Miller in discussing this subject says:

"It was error, but it was error because the power to render any further judgment did not exist. It is no answer to this to say that the court had jurisdiction of the person of the prisoner, and of the offense under the statute. It by no means follows that these two facts make valid, however erroneous it may be, any judgment the court may render in such a case. If a justice of the peace, having jurisdiction to fine for a misdemeanor, and with the party charged properly before him, should render a judgment that he be hung, it would simply be void. Why void? Because he had no power to render such a judgment. So, if a court of general jurisdiction should, on an indictment for libel, render a judgment of death, or confiscation of property, for the same reason, be void."

In re McVey, 50 Neb. 481, 70 N. W. 51, it was held:

"Jurisdiction to pronounce a particular sentence imposed is as essential as jurisdiction of the person and subject-matter. If the first does not exist, the sentence is void."

In the opinion it is said:

"A man may not be informed against for one crime, and convicted of another and different one. He is entitled to know the nature and cause of the accusation (see section 11, Bill of Rights), so that he may be enabled to prepare and make his defense, if any he has."

In Shepherd v. State, 17 Okla. Cr. 630, 192 P. 238, it was held that the judgment of conviction was void, as it was for a crime different than that charged in the information.

Upon the record before us, and for the reasons stated, we are of the opinion that the trial court was without jurisdiction to render the judgment and sentence upon which the commitment issued, and that the execution of said void judgment deprives the petitioner of his liberty without due process of law.

The petitioner is therefore by the judgment of this court discharged therefrom.

BESSEY, P. J., and EDWARDS, J., concur.