## GEORGE T. BONSTEIN v. STATE.

No. A-8744. July 12, 1934.
(34 Pac. [2d] 1081.)

Wm. C. Carrick (George T. Bonstein, on the brief), for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen. (J. H. Lawson, of counsel), for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county of the offense of embezzlement, and his punish-

ment fixed by the jury at imprisonment in the state penitentiary for three years.

The evidence of the state was that defendant was an attorney engaged in the practice of law in the city of Tulsa; that he was employed by the Gatzert Company to make collections on certain securities held by such company; that these securities had been placed in a bank in Tulsa; that defendant was, after collection, to pay the funds to the bank and receive the evidence of indebtedness; that Fred Glendinning, who was indebted to the Gatzert Company in the sum of $66.32, paid same to defendant's secretary; that defendant received this money; and that the same was not paid to the Gatzert Company.

It is first contended the court erred in refusing to permit defendant to argue to the jury the existence of the relation of debtor and creditor, and in telling the jury that there was no evidence in support of such an issue.

The evidence of the state supports its contention that the relation of attorney and client existed. The opening statement of defendant to the jury and his evidence are to the same effect. Defendant admitted he was short about $3,000 in his accounts with the Gatzert Company, and that, finding himself unable to make good this shortage, he fled and was later arrested in California and brought back for trial. It was not error, therefore, for the trial court to tell the jury there was no evidence to support the issue of debtor and creditor.

It is next contended the court erred in its judgment in fixing defendant's punishment at three years in the penitentiary.

Section 2750, C. O. S. 1921 (O. S. 1931, sec. 3107), provides:

"In all cases of a verdict of conviction for any offense against any of the laws of the state of Oklahoma, the jury may, and shall upon the request of the defendant, assess and declare the punishment in their verdict within the limitations fixed by law, and the court shall render a judgment according to such verdict."

Section 3139, O. S. 1931, provides:

"In cases where convicts are sentenced to be imprisoned in the penitentiary for a longer period than one year, it is the duty of the court before which the conviction is had to limit the time of sentence, so that it will expire between the month of March and the month of November, unless the exact period of the sentence is fixed by law."

Section 9215, C. O. S. 1921 (O. S. 1931, sec. 5342), authorizes the state board of prison control to require able-bodied prisoners to labor and sets up a table of allowances for such labor performed and for time off for good behavior, and vests in the warden and the board of control discretion in the allowance or granting of such good time off from sentences.

These sections of the statute must all be considered together.

Since the jury is authorized to fix the punishment and the court must pronounce judgment in conformity to the verdict and since the board of prison control and the warden are vested with discretion in allowance for labor and granting time off for good behavior and since by law the defendant is entitled to appeal and to be enlarged on bond pending such appeal, it would be impossible for the trial court to fix the time of the beginning or ending of a judgment and sentence at the time judgment and sentence is pronounced.

This court has uniformly held that the court must pronounce judgment in conformity with the verdict. Schriebar v. State, 6 Okla. Cr. 119, 116 Pac. 348; White v. State, 42 Okla. Cr. 50, 275 Pac. 1067.

When the sections of the statute and the authorities herein cited are all considered together, it is evident that section 3139, supra, has no application to any case where the jury fixes the punishment.

Other errors are complained of, but they are not of sufficient importance to require a discussion in this opinion.

No fundamental error appearing, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.