Ex parte FRANK LANE.

No. A-9034.   Dec. 16, 1935.
(52 Pac. [2d] 1078.)

Leonard T. May, for petitioner.

Mac Q. Williamson, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., Everett S. Collins, Co. Atty., and Luster Cook, Asst. Co. Atty., for the State.

EDWARDS, J. This is an original proceeding in habeas corpus. Petitioner was charged with larceny from the person in the nighttime under section 2260, Okla. Stat. 1931. The court submitted to the jury the larceny of lost property under section 2254, Okla. Stat. 1931, evidently acting on the assumption that a larceny under the latter section was an included offense under the former. The jury returned a verdict as follows: "We, the jury impaneled and sworn in the above entitled cause, do upon our oaths, find the defendant guilty of appropriating the proceeds of lost and found pocketbook, without making effort to find the owner thereof and leave his punishment to the court and recommend leniency." Under this verdict, the court pronounced judgment adjudging petitioner guilty of grand larceny and assessing his punishment at confinement in the state penitentiary for a term of six months.

Petitioner here asserts the court had no jurisdiction to render the particular judgment, that he is entitled to relief by habeas corpus and is not required to seek relief by appeal. It is well settled that the writ of habeas corpus cannot be used to perform the office of a writ of error

or appeal, but is limited to cases in which the judgment attacked is clearly void, by reason of its having been rendered without jurisdiction or by reason of the court having exceeded its jurisdiction, or where the court having general jurisdiction has no authority to render the particular judgment complained of.

Our statute defines larceny as follows:

"2256. Grand larceny is larceny committed in either of the following cases: First. When the property taken is of value exceeding twenty dollars. Second. When such property, although not of value exceeding twenty dollars in value, is taken from the person of another. Larceny in other cases is petit larceny."

By subdivision 2, § 2256, supra, larceny from the person is grand larceny, without regard to the value of the property taken, and this is the offense with which petitioner was charged. Larceny of lost property under section 2254 is a different and special form of larceny, and the degree depends upon the value of the property found and appropriated. It is not an included offense under the provisions of section 2260 and subdivision 2 of section 2256. The charge being a larceny from the person of another in the nighttime, the verdict returned is not responsive to the issue and purports to find petitioner guilty of a crime not within the charge. The judgment of the court also is not responsive and beyond his jurisdiction. The judgment is beyond the jurisdiction of the court for the further reason the verdict which purports to find petitioner guilty of the appropriation of lost property neither specifies that it finds him guilty of grand larceny, nor that the property appropriated was of a value exceeding $20. The passing of a judgment of grand larceny is therefore also an assumption of something which is not in the verdict. The judgment must be based upon the

verdict of the jury and must be responsive to the issue joined upon the information and plea. Otherwise the court is without jurisdiction to pronounce the judgment. Ex parte Harris, 8 Okla. Cr. 397, 128 Pac. 156; Ex parte Grant, 32 Okla. Cr. 217, 240 Pac. 759.

Without reviewing the authorities, we are of the opinion the court was without jurisdiction to pronounce the judgment complained of, and that petitioner should be discharged from imprisonment thereunder and be remanded to the custody of the sheriff of Creek county for further proceedings not inconsistent with this opinion.

It is so ordered.

DAVENPORT, P. J., and DOYLE, J., concur.