[Crim. No. 3408.   Second Appellate District, Division One.—November  8,  1940.]

THE PEOPLE, Respondent, v. HOLLEY EDWARD ROSE, Appellant.

John J. Hamilton for Appellant.

Earl Warren, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

WHITE, J.—By information defendant was charged with a violation of section 501 of the Vehicle Code, which provides that ''any person who, while under the influence of intoxi-

cating liquor, drives a vehicle and when so driving does any act forbidden by law or neglects any duty imposed by law in the driving of such vehicle, which act or neglect proximately causes bodily injury to any person, is guilty of a felony''. After entry of a plea of not guilty, defendant was permitted to withdraw that plea and to enter a plea of guilty to a charge of violating section 502 of the same code, which makes it a misdemeanor for any person, while under the influence of intoxicating liquor, to drive an automobile upon any public highway within this state. ■ Following denial of an application for probation, defendant was sentenced to serve a term of five months in the county jail. At the time of pronouncing judgment, in response to a request from the defendant himself through his counsel, the court recommended that defendant be permitted to work in the county road camp and that his earnings from such work be used for the support of his family. This appeal is from the judgment and ''order of the above entitled court made on August 28th, 1940''. This so-called ''order'', wherein the court recommended that defendant be permitted, while serving his sentence, to work in one of the county road camps, is no part of the judgment, nor is it an appealable order within the purview of section 1237 of the Penal Code.

■ Appellant first contends that the judgment as pronounced constitutes cruel and unusual punishment, which is inhibited by section 6, article I, of our state Constitution. This claim is based upon the fact that at the time judgment was pronounced the court stated that it had taken into consideration the fact that prior to sentence the accused had been confined in jail 81 days, which time, added to the sentence of five months' imprisonment, aggregated more than six months, which is the maximum straight jail term of imprisonment provided for in section 502 of the Vehicle Code. ■ It is elementary that the time spent in jail awaiting trial or sentence cannot be considered as part of any judgment subsequently pronounced and is not embraced within any penalty imposed. That the court did, however, take into consideration the time spent in jail by appellant prior to pronouncement of sentence is evidenced by the fact that a judgment of five months' imprisonment only was imposed when six months and a fine of $500 could have been meted out. There is nothing ''uncertain'' about the judgment pronounced in this

case, as claimed by appellant. The judgment, in direct and unequivocal terms, commits the appellant to serve five months in the county jail, and having in mind the nature of the offense to which appellant pleaded guilty and the maximum sentence which might have been imposed pursuant to the pertinent Vehicle Code section, there is nothing cruel or unusual about it. The appeal is without merit.

The attempted appeal from the ''order of August 28th, 1940'', is dismissed, and the judgment is affirmed.

York, P. J., and Doran, J., concurred.