### Ex parte TARTAR.

No. A-11553. May 9, 1951.

(231 P. 2d 709.)

George P. Tartar, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, P. J. This is an original proceeding for a writ of mandamus brought by George P. Tartar, an inmate of the Penitentiary at McAlester. He complains he is being unlawfully denied credit for jail time under a judgment and sentence entered against him in the district court of Woods county on December 3, 1948, sentencing him to the penitentiary for a period of 5 years on a charge of forgery. It appears from the petition that prior to the trial on said charge the petitioner was confined for safekeeping in the State Reformatory at Granite, Oklahoma, for a period of 60 days. In this proceeding the petitioner seeks to require the State of Oklahoma to give him credit on the judgment and sentence imposed for the time he was held for safekeeping in the Reformatory. To the petition the state filed its demurrer.

This court is without authority of law to grant the writ of mandamus on said grounds. In the first place there is no statute in Oklahoma requiring the trial court to give credit for time spent in custody prior to trial. The rule is that in the absence of statute the time that the defendant has spent in jail awaiting trial forms no part of the time for which he was sentenced. 16 C. J. page 1372, § 3229, Note 58; 24 C. J. S., Criminal Law, § 1995, Note 87, page 1229, stating that in the absence of statute the convict is not entitled as a matter of absolute right to credit for the time spent in prison awaiting trial. In People v. Rose, 41 Cal. App. 445, 106 P. 2d 930, 931, it was said:

"It is elementary that the time spent in jail awaiting trial or sentence cannot be considered as part of any judgment subsequently pronounced and is not embraced within any penalty imposed."

There are other cases from other jurisdictions so holding and cited in the two notes in C. J. and C. J. S., hereinbefore referred to. It is therefore apparent that the right to relief herein prayed for does not exist in Oklahoma as a matter of right. Certainly, such is not true where the penalty is fixed by the jury. The trial court is bound to fix the penalty in its judgment and sentence, as assessed by the jury where their verdict is within the limitations fixed by law. Title 22, § 926, O. S. A. 1941. In Ex parte Lane, 58 Okla. Cr. 298, 52 P. 2d 1078, 1079, wherein it was said:

"The judgment must be based upon the verdict of the jury and must be responsive to the issue joined upon the information and plea. Otherwise the court is without jurisdiction to pronounce the judgment. Ex parte Harris, 8 Okla. Cr. 397, 128 P. 156; Ex parte Grant, 32 Okla. Cr. 217, 240 P. 759."

See, also, Bonstein v. State, 56 Okla. Cr. 116, 34 P. 2d 1081. Of course, it is apparent where the case is tried to the court without a jury, the question of crediting time spent in jail before trial would be a matter within the discretion of the trial judge fixing the penalty, so long as the judgment and sentence was likewise within the limits fixed by law for the crime charged in the information. There is no statute in Oklahoma covering the specific question. Although under the provisions of Tit. 22, § 973, O. S. A. 1941, the trial court, where the matter of penalty is within its power, may upon the suggestion of either party that there are circumstances which may properly be taken in view either in aggravation or mitigation of punishment, may order a summary hearing at a specified time, after notice, as it may direct. But even this procedure

would not require the court to consider the giving of credit for time spent in jail before trial as a matter of right. The fact that the petitioner herein spent time for safekeeping in the Reformatory before trial, and not in jail, does not alter his case. The situation is identically the same as though he had been held in the Woods county jail and not in the Reformatory.

Furthermore, where the penalty has been fixed by either the jury or the trial judge without regard to the time spent in jail before trial, the situation is one that can be reached neither by this court nor any other court. For all said courts are wholly without jurisdiction to alter or modify the judgment and sentence in the absence of the same being done in the exercise of this court's appellate jurisdiction. The matter is not one that may be reached by litigation, but becomes one of grace, the authority to grant the same being vested exclusively in the Governor of the State of Oklahoma under the provisions of the Constitution, § 10, Art. 6, reading in part as follows, to wit:

"The Governor shall have the power to grant, after conviction and after favorable recommendation by a majority vote of the said Board. commutations, pardons and paroles for all offenses, except cases of impeachment, upon such conditions and with such restrictions and limitations as he may deem proper, subject to such regulations as may be prescribed by law. The Governor shall have power to grant after conviction, reprieves, or leaves of absence not to exceed sixty days, without the action of said Board."

In no other way can credit for jail time either before or after trial be credited on a judgment and sentence which has theretofore been fixed by the trial judge or jury. The exclusive power of the Governor in such matter has been definitely established under the authority of the foregoing constitutional provision and cases as follows, Ex parte Wilkerson, 76 Okla. Cr. 204, 135 P. 2d 507, in substance, where in a proceeding in habeas corpus petitioner sought to vacate the judgment and sentence which he had partially served and was again tried and sentenced to the penitentiary it was held this court was without authority to credit on the second sentence time served on the first void sentence for the reason that such was a matter for the sole and exclusive consideration of the Governor. The principle of law involved in the Wilkerson case is little different than that involved in the instant case. See, also, Ex parte Nye, 75 Okla. Cr. 155, 129 P. 2d 614; Ex parte Swain, 88 Okla. Cr. 235, 202 P. 2d 223, and numerous other cases. For all the above and foregoing reasons under the conditions herewith presented it is not within the power of this court or any other court to grant the writ of mandamus herein sought and the same is accordingly denied.

JONES and POWELL, JJ., concur.