STATE ex rel. WATERS, Warden, v. LACKEY, Judge.

No. A-11907. May 18, 1953.

(257 P. 2d 849.)

42

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for petitioner.

W. A. Lackey, pro se

BRETT, J.    This is a petition for a writ of prohibition brought by Honorable Jerome J. Waters, warden of the State Penitentiary at McAlester, Oklahoma, to prohibit the Honorable W. A. Lackey, Judge of the district court of Pittsburg county, Oklahoma, for usurping and exercising unauthorized jurisdiction.    Ray v. Stevenson, 71 Okla. Cr. 339, 111 P. 2d 824; Moss v. Arnold, 63 Okla. Cr. 343, 75 P. 2d 491; State ex rel. Burford v. Sullivan, 86 Okla. Cr. 364, 193 P. 2d 594, holding that the writ of prohibition, though not provided for by the Constitution or any statutory provision, is an extraordinary judicial writ which may be issued out of a court of superior jurisdiction to keep inferior courts and tribunals within the limits and bounds prescribed for them by law, where they seek to act in excess of jurisdiction, etc.    It thus appears this court is vested with authority under the law in a proper case to grant the writ of prohibition.

The facts herewith presented are substantially as hereinafter set forth. On March 6, 1950, Arthur S. Elderking entered his plea of guilty in the district court of Comanche county, Oklahoma, to a charge of larceny of livestock, Title 21, § 1716, O.S.A. 1941, 1951, wherein he was sentenced to 6 years in the State Penitentiary, and in addition thereto said judgment provided, "It is further ordered by the court that said defendant have credit on this sentence of 67 days served in the county jail of Comanche county, Oklahoma".    It appears said sentence has been fully discharged with good time credits, etc., except the 67 days which credit aforesaid the warden refuses to recognize as being a valid provision in the judgment.    To enforce the provisions of said judgment and sentence petition for habeas corpus was filed in the district court of Pittsburg county before Honorable W. A. Lackey:    The petition therein alleged that the petitioner was entitled to said credit on said term of imprisonment of 67 days spent in jail before judgment and sentence as in said judgment provided which the warden of the said penitentiary refused to recognize, and that the same should be enforced by writ of habeas corpus ordering the petitioner released.

Response was made therein setting forth a denial to the right of recognition of the 67 days jail time under the terms of said judgment and sentence, as not being authorized by law.    After hearing thereon, and on February 26, 1952, Honorable W. A. Lackey undertook to order and direct that the petitioner Arthur S. Elderking should receive credit for the 67 days served in jail prior to the judgment and sentence, and was about to order his release from said penitentiary by writ of habeas corpus on March 4, 1953.

To prevent the aforesaid action by Judge Lackey this action for a wrti of prohibition was instituted in the Criminal Court of Appeals by petition on March 3, 1953.    An alternative writ of prohibition was issued staying said proceedings,

in the district court of Pittsburg county, until the further order of this court, and ordered respondent to show cause on March 10, 1953, why said order should not be made permanent and absolute restraining any further action in said habeas corpus proceedings.

To the petition and order Judge Lackey made response in substance to the effect that said court had construed the terms of said judgment as being equivalent to pronouncing a judgment of 5 years, 9 months and 23 days imprisonment and that said court was of the opinion said provision of credit of the 67 days jail time did not fall within the cases of Ex parte Tartar, 94 Okla. Cr. 103, 231 P. 2d 709, and Ex parte Colbert, 94 Okla. Cr. 300, 235 P. 2d 541. Hearing was had herein on said petition for writ of prohibition on March 10, 1953, and said matter submitted on the record. The respondent makes the contention as hereinbefore set forth, and further urges that because in Ex parte Colbert the sentence imposed was the minimum under the law and in Ex parte Tartar no express provision was made in the judgment and sentence therein involved for an allowance as jail time as was done in the case at bar, therefore, those cases are no limitation on the respondent's power to grant said relief herein by habeas corpus. There is merit in the learned Judge Lackey's position. We can see where the foregoing cases, Ex parte Tartar and Ex parte Colbert, under the conditions. herein presented, may need amplification and clarification on the question of a trial court granting credit in a judgment for jail time, as such, against which the alternative writ of prohibition was granted. It was this court's intention in both of said cases to hold that trial courts were without authority under the law to grant credit for jail time, either before or after conviction and judgment and sentence. We are of the opinion that in the absence of statute authorizing the trial court to grant credit for jail time served, either before or after conviction and judgment and sentence, the same is not within the power of the trial court to grant the same, as such. Of course, the matter of fixing the penalty in the judgment, within the limits prescribed by statute, is within the sound judicial discretion of the trial court. In cases where the penalty is less than the maximum, it is not subject to inquiry as to whether the trial court considered jail time in mitigation of punishment. What determines the elemental foundations which motivated the trial court's conclusion, as to a just penalty in the law, may be a matter between only the judge and his good conscience, and is not subject to inquiry by us in the absence of a clear abuse thereof. Hence, in many cases, jail time in mitigation may have been considered by the trial court. We do know, however, that neither in common law nor in the statutes of Oklahoma is the granting of jail time, as such, in a judgment as was done herein, authorized by law. The logic of our conclusion is strongly supported by the reasoning in People ex rel. Stokes v. Warden of State Prison, 66 N.Y. 342, 345, 346, as applicable herein:

"Punishment for the commission of crime is that pain, penalty or forfeiture which the law exacts, and the criminal pays or suffers for the offence. In legal view, it cannot be said to have been exacted, nor to have been endured or begun to be endured, until the commission of the particular crime has been legally determined, and the particular criminal legally ascertained; nor until the due sentence, that is, the judicial fixing and utterance, of the definite kind, amount, or period of punishment has been authoritatively, and in due form of law and proceeding, pronounced upon him for his crime, after his conviction therefor. Punishment is a consequence of crime, to be sure, but in a legal view, it is the immediate consequences of only a conviction of crime. Hence, any pain or penalty which the offender has suffered before conviction and before sentence has been pronounced upon him is illegal, or is due to some demand of the law other than that based upon his conviction. In either case, it fails to enure to his benefit as part of that due punishment which the law exacts, by reason of his conviction and of the sentence passed upon him.

"Again, as a general rule, from which this case is not an exception, no pain or deprivation which a person suffers in accordance with law, can be made, as of his right, to answer at once two distinct and different requirements of the law. The imprisonment of the relator in the county jail was by virtue of one requirement of law, to wit: that persons indicted for murder may be kept in close custody until their trial therefor is ended. It was for that reason a lawful imprisonment. It could have been, for that reason, justified by the keeper of the county jail. It was a satisfaction, then, of that specific legal exaction, quite another exaction than that by virtue of this sentence, and it was a satisfaction of that other legal exaction only; when, after that, arose the legal exaction by virtue of the sentence upon this conviction, the imprisonment which the relator had undergone in answer to that other requirement, had been applied and spent in satisfying it, and may not be now applied in satisfaction of this later demand of the law. The learned counsel for the relator admitted, upon the argument, that the imprisonment in the county jail was legal, and that the relator could not have obtained a discharge therefrom. That period of imprisonment was then, appropriated and consumed by some demand of the law, other than the conviction of October 29, 1873, and the sentence thereupon, and does not now exist, so as to be applied in satisfaction of the latter. Moreover, important parts of the sentence are the place of imprisonment, to wit: in a State prison, and the manner of detention there, to wit: at hard labor. When the relator lay in the county jail, he was not enduring these parts of the sentence; he was not in State prison; he was not at labor. How then can the time he lay in the county jail be reckoned a part of the time for which the law adjudged him to be at labor in the State prison? Doubtless, a court when imposing sentence of imprisonment may consider in mitigation of the severity of it, the time for which the convict has been in custody while awaiting trial."

The foregoing logic seems to us unanswerable. It is well to observe that New York has amended its statutes so that jail time suffered after judgment and sentence may be noted on the commitment papers from which the warden may thereafter determine the duration of the sentence. In People ex rel. Jackson v. Weaver, 279 App. Div. 88, 108 N.Y.S. 2d 653, it was said at pages 654, 655:

"The state's position is that relator was not entitled to credit for the five-day delay between the date of his sentence and his arrival at Elmira because there is neither legislative nor common-law sanction for such credit. People ex rel. Stokes v. Warden of State Prison, 66 N.Y. 342, is cited by way of analogy. That case however dealt with jail time before sentence, and was decided before the legislature directed that jail time of such character should be credited to any sentence imposed after conviction. Penal Law, § 2193. Of course jail time served before a conviction would not be a part of any sentence imposed unless provided for by a legislative directive.

"The case here is different, for the time involved elapsed after sentence was imposed."

Only through legislative directive can credit for jail time be granted, which the Legislature has not seen fit to enact. As the law now exists, as was said in Ex parte Tartar, supra:

"The matter is not one that may be reached by litigation but becomes one of grace, the authority to grant the same being vested exclusively in the Governor of the State of Oklahoma under the provisions of the Constitution, § 10, Art. 6, reading in part as follows, to wit: 'The Governor shall have the power to grant, after conviction and after favorable recommendation by a majority vote of the said Board, commutations, pardons and paroles for all offenses, except cases of impeachment, upon such conditions and with such restrictions and limitations as he may deem proper, subject to such regulations as may be prescribed by law. The Governor shall have power to grant after conviction, reprieves, or leaves of absence not to exceed sixty days, without the action of said Board.'

"In no other way can credit for jail time either before or after trial be credited on a judgment and sentence which has theretofore been fixed by the

trial judge or jury. The exclusive power of the Governor in such matter has been definitely established under the authority of the foregoing constitutional provision and cases as follows, Ex parte Wilkerson, 76 Okla. Cr. 204, 135 P. 2d 507, in substance, where in a proceeding in habeas corpus petitioner sought to vacate the judgment and sentence which he had partially served and was again tried and sentenced to the penitentiary it was held this court was without authority to credit on the second sentence time served on the first void sentence for the reason that such was a matter for the sole and exclusive consideration of the Governor. The principle of law involved in the Wilkerson case is little different than that involved in the instant case. See also Ex parte Nye, 75 Okla. Cr. 155, 129 P. 2d 614; Ex parte Swain, 88 Okla. Cr. 235, 202 P. 2d 223, and numerous other cases. For all the above and foregoing reasons under the conditions herewith presented it is not within the power of this court or any other court to grant the writ of mandamus herein sought and the same is accordingly denied."

In an action of this kind, ordinarily, we will not investigate the merits of the issue before the inferior court, but we know of no reason why we are not at liberty to clarify the law as announced in prior decisions, for the guidance of the trial court in arriving at the right conclusion therein. Therefore, the cases of Ex parte Tartar and Ex parte Colbert are modified, and amplified in accordance with the views hereinbefore expressed, as the law of this state on the issue therein involved.

Notwithstanding of foregoing views on the issue of granting credit for jail time, we are of the opinion that relief by writ of prohibition may not be granted herein. The precise question was raised in State ex rel. Attorney General v. Higgins, 76 Okla. Cr. 321, 137 P. 2d 273, 280, wherein it was sought by writ of prohibition to restrain Judge Higgins from further proceeding in a habeas corpus action. This is a land-mark case completely analyzing the law applicable hereto. Therein in part it was said:

"Writs of prohibition are not mentioned in the statutes of this State.

"The authorities all agree that prohibition is a common-law writ. * *

"The universal rule is that: 'The writ lies only as between courts which sustain to each other the relation of superior and inferior, and cannot issue from a court to prohibit another court which is in no manner subordinate or inferior to it.' 23 A. & E. Ency. of, Law, pp. 217, 218, and cases cited.

"In Estes v. Crawford, District Judge, 62 Okla. Cr. 156, 60 P. 2d 798, 799, we said: 'Writ of "prohibition" may not issue to prevent inferior court from erroneously exercising jurisdiction, but only to prohibit proceedings as to which inferior tribunal is wholly without jurisdiction, or threatens to act in excess of jurisdiction.' * * *

"Upon the question of jurisdiction, Art. 7, Sec. 10, of the Constitution provides: 'The District Courts, or any judge thereof, shall have power to issue writs of habeas corpus.'

"The relevant provisions of the Habeas Corpus Act are as follows:

" 'Writs of habeas corpus may be granted by any court of record in term time, or by a judge of any such court, either in term or vacation; and upon application the writ shall be granted without delay.' Sec. 684, Sts. 1931, 12 O.S. 1941 § 1333. * * *

" 'It is secured to the people of Oklahoma by section 10 of the Bill of Rights, which is as follows: "Sec. 10. The privilege of the writ of habeas corpus shall never be suspended by the authorities of this state." The great and leading intent of our Constitution in respect to the writ of habeas corpus is manifest.' * * *

" 'It is to be noted that the language of the Constitution is not merely that the writ of habeas corpus shall never be suspended, but it is the privilege of the writ which is never to be suspended.' * * *

"In Ex parte Owens, 37 Okla. Cr. 118, 258 P. 758, 784, we said:

" 'In proceedings by habeas corpus neither this court nor the Supreme Court exercises appellate jurisdiction when it issues this writ, and in issuing the writ and determining the questions arising under it, neither possess more power than is possessed by a district court or any judge authorized by law to issue the writ and authorized to remand or discharge the prisoner according to the circumstances of the case. * * *' "

Such is the situation in the case at bar. In the matter of habeas corpus proceedings, the district court of Pittsburg county has concurrent jurisdiction with this court, and hence there is not the relation of superior and inferior courts necessary to sustain the granting of the writ of prohibition. State ex rel. Wester v. Caldwell, 84 Okla. Cr. 334, 181 P. 2d 843. In Oklahoma, we do not have the right to review habeas corpus proceedings, as in some other states. ·Moreover, in the case at bar, in view of the modification of Ex parte Tartar and Ex parte Colbert clarifying this court's view of the law on granting of jail time, as such, by the trial judge, and being aware of Judge Lackey's sacred regard for his oath, and his avid desire to follow the law as it is interpreted by the high courts of Oklahoma, the exercise of any coercive writs would be unnecessary under the conditions. But be that as it may, the writ of prohibition herein sought cannot be sustained under the law and the petition is insufficient to state a cause of action, and is accordingly denied.

POWELL, P. J., and JONES, J., concur.