309 P.2d 302 (1957)
Habeas Corpus of Charner M. TIDWELL, Petitioner.
No. A-12442.
Criminal Court of Appeals of Oklahoma.
March 27, 1957.
Charner M. Tidwell, petitioner, pro se.
Mac Q. Williamson, Atty. Gen., for respondent.
*303 BRETT, Presiding Judge.
This is an original, unverified petition for writ of habeas corpus brought by Charner *304 M. Tidwell, Petitioner, wherein he alleges he is being unlawfully detained by the Warden of the Oklahoma State Penitentiary by virtue of a certain judgment and sentence allegedly entered in the District Court of Delaware County, Oklahoma, for first degree manslaughter. Petitioner alleges that he is entitled to credit for time served prior to the trial wherein the judgment and sentence were entered which he is now satisfying. He alleges that if this credit for time served as a safekeeper is granted, he would be eligible for parole on March 8, 1957.
This is the fourth petition for writ of habeas corpus filed by this petitioner. Tidwell v. State, 88 Okl.Cr. 201, 201 P.2d 800; Ex parte Tidwell, 92 Okl.Cr. 263, 222 P.2d 760; In re Tidwell, No. A-11,892, jurisdiction refused February 4, 1953. In addition thereto, he has filed one petition for writ of error coram nobis. Ex parte Tidwell, 95 Okl. Cr. 53, 239 P.2d 524.
In this petition, he raises a new issue not heretofore raised to the effect that prior to trial, on March 8, 1943, he was confined in the State Penitentiary for safekeeping where he was remained until October 5, 1943, when he was released to the Sheriff of Delaware County and returned to said county for trial. He was detained by the Sheriff of said county until November 11, 1943, when he was tried, within the next court term. 22 O.S.A. § 812. Hence, there can be no claim of a denial of a speedy trial. The petitioner was found guilty by a jury and he was sentenced to serve thirty years in the penitentiary. This sentence is by no means the maximum that might have been imposed therein. 21 O.S.A. § 715. He was delivered to the penitentiary for service of his sentence on November 16, 1943; not an unreasonable delay.
His substantial complaint, herein, is predicated on the proposition that he was confined in the state penitentiary and the county jail for a period of about seven days over eight months prior to trial and he should be given credit for this time thus confined. The foregoing contention has been disposed of adversely to the petitioner's contentions. In Ex parte Colbert, 94 Okl.Cr. 300, 235 P.2d 541, and Ex parte Tartar, 94 Okl.Cr. 103, 231 P.2d 709, 710, it is said:
"In the first place there is no statute in Oklahoma requiring the trial court to give credit for time spent in custody prior to trial. The rule is that in the absence of statute, the time that the defendant has spent in jail awaiting trial forms no part of the time for which he was sentenced. 16 C.J. page 1372, § 3229, Note 58; 24 C.J.S., Criminal Law, § 1995, Note 87, page 1229, stating that in the absence of statute the convict is not entitled as a matter of absolute right to credit for the time spent in prison awaiting trial. In People v. Rose, 41 Cal. App.2d 445, 106 P.2d 930, 931, it was said: `It is elementary that the time spent in jail awaiting trial or sentence cannot be considered as part of any judgment subsequently pronounced and is not embraced within any penalty imposed.' * * * It is therefore apparent that the right to relief herein prayed for does not exist in Oklahoma as a matter of right. Certainly such is not true where the penalty is fixed by the jury. The trial court is bound to fix the penalty in its judgment and sentence, as assessed by the jury where their verdict is within the limitations fixed by law. Title 22, § 926, O.S.A. 1941. In Ex parte Lane, 58 Okl.Cr. 298, 52 P.2d 1078, 1079, wherein it was said: `The judgment must be based upon the verdict of the jury and must be responsive to the issue joined upon the information and plea. Otherwise the court is without jurisdiction to pronounce the judgment. Ex parte Harris, 8 Okl.Cr. 397, 128 P. 156; Ex parte Grant, 32 Okl.Cr. 217, 240 P. 759.' See also Bonstein v. State, 56 Okl.Cr. 116, 34 P.2d 1081. Of course, it is apparent where the case is tried to the court without a jury, the question of crediting time spent in jail before trial would be a matter within the discretion of the trial judge fixing *305 the penalty, so long as the judgment and sentence was likewise within the limits fixed by law for the crime charged in the information. There is no statute in Oklahoma covering the specific question. Although under the provisions of Title 22, § 973, O.S.A. 1941, the trial court where the matter of penalty is within its power, may upon the suggestion of either party that there are circumstances which may properly be taken in view either in aggravation or mitigation of punishment, may order a summary hearing at a specified time, after notice, as it may direct. But even this procedure would not require the court to consider the giving of credit for time spent in jail before trial as a matter of right. The fact that the petitioner herein spent time for safekeeping in the Reformatory before trial, and not in jail, does not alter his case. The situation is identically the same as though he had been held in the Woods county jail and not in the Reformatory.
"Furthermore where the penalty has been fixed by either the jury or the trial judge without regard to the time spent in jail before trial the situation is one that can be reached neither by this court nor any other court. For all said courts are wholly without jurisdiction to alter or modify the judgment and sentence in the absence of the same being done in the exercise of this court's appellate jurisdiction. The matter is not one that may be reached by litigation but becomes one of grace, the authority to grant the same being vested exclusively in the Governor of the State of Oklahoma under the provisions of the Constitution, § 10, Art. 6, reading in part as follows, towit: `The Governor shall have the power to grant, after conviction and after favorable recommendation by a majority vote of the said Board, commutations, pardons and paroles for all offenses, except cases of impeachment, upon such conditions and with such restrictions and limitations as he may deem proper, subject to such regulations as may be prescribed by law. The Governor shall have power to grant after conviction, reprieves, or leaves of absence not to exceed sixty days, without the action of said Board.'"
Moreover, as was said in Ex parte Pruitt, 95 Okl.Cr. 248, 244 P.2d 594, the petitioner had his remedy against undue delay in the trial court and could have presented the matter to the trial court by motion to dismiss. And, if the same had been overruled, he could have appealed to this court on petition for writ of habeas corpus or he could have proceeded to trial and reserved the question of denial of a speedy trial as one of the grounds of appeal from a judgment of conviction. See also Ex parte Wilkerson, 73 Okl.Cr. 32, 117 P.2d 172; Ex parte Nye, 75 Okl.Cr. 155, 129 P.2d 614; Ex parte Swain, 88 Okl.Cr. 235, 202 P.2d 223.
In light of the foregoing authorities, this court is without authority of law to grant the relief herein prayed for and the petition for habeas corpus is accordingly dismissed.
POWELL, J., concurs.
NIX, J., not participating.