Donald W. WILLIAMS, #73314, Petitioner,

v.

Ray H. PAGE, Warden, State Penitentiary,
Respondent.

No. A-14225.

Court of Criminal Appeals of Oklahoma.

July 19, 1967.

Donald W. Williams, pro se.

G. T. Blankenship, Atty. Gen., Hugh H.
Collum, Asst. Atty. Gen., for respondent.

BRETT, Judge:

Donald W. Williams, an inmate of the
state penitentiary, has filed in this Court
a petition against Ray H. Page, Warden of
the State Penitentiary, seeking writ of man-
damus, or in lieu thereof, "petition for
jail time after conviction."

Petitioner alleges that he was tried by a
jury in Tulsa County on a charge of unlaw-
ful use of a motor vehicle, after former
conviction of a felony, found guilty, and
the jury fixed the penalty at five years in
the state penitentiary.

Petitioner states that his trial and con-
viction were on September 7, 1965, and that

he remained in the custody of the sheriff of Tulsa County "for a period of five months, or exactly 155 days" before being transported to the state penitentiary; that he was transported to the penitentiary on February 9, 1966. Petitioner says that because he was a second-time convicted felon, the officials of the state penitentiary have refused to give him credit for the time spent in the county jail of Tulsa County, after his conviction, and before he was delivered to the penitentiary.

Title 57 Okl.St.Ann. § 138 provides:

"* * * All inmates serving their first term with a good conduct record and who have no infraction of the rules and regulations of the penal institution shall be allowed as a deduction from his term of imprisonment the jail term, if any, served prior to being received at the penal institution. * * *"

And see Riopella v. Page, Okl.Cr., 425 P.2d 999, holding that prisoner having been convicted of a felony at time of his trial on the present charge, was not entitled to credit on his sentence for time spent in county jail after his arrest until his transportation to the penitentiary under conviction.

Petitioner asks this court to grant him such jail time, and to issue an order to the warden of the penitentiary directing him to give petitioner credit therefor.

The Attorney General, on behalf of the respondent, filed a motion to dismiss, and a memorandum brief in support of such motion; and also filed a response to the petition.

In his motion to dismiss, the respondent properly points out to the Court that the matters alleged in plaintiff's petition are such as could not be raised on an appeal, and consequently he has failed to state a cause sufficient to invoke the jurisdiction of this Court.

To his response, the Attorney General attaches copy of the judgment and sentence rendered against this petitioner, copy of the appearance docket of the district court of Tulsa County covering petitioner's case,

and a letter from the assistant district attorney of Tulsa County.

The docket sheets show that the trial was had on September 7, 1965; the jury returned its verdict of guilty, the defendant stipulated as to former conviction of felony, the jury returned its second verdict fixing sentence, sentence day was set for September 21, 1965, and defendant was sentenced on that date. The instructions to the jury, the two verdicts returned, and the formal judgment and sentence were not filed until February 8, 1966. There is no explanation of this delay.

The judgment and sentence dated September 21, 1965 and filed February 8, 1966 contains the following statement by the district judge: "This date being the 8th day of February, 1966, and by order of the court the defendant shall be given credit for time served in the Tulsa County jail on this charge from the 21 day of September, 1965."

We are of the opinion that in the absence of statute authorizing the trial court to grant credit for jail time served, either before or after conviction and judgment and sentence, the same is not within the power of the trial court to grant. See State ex rel. Waters v. Lackey, 97 Okl.Cr. 41, 257 P.2d 849.

In Ex parte Tarter, 94 Okl.Cr. 103, 231 P.2d 709, this Court said:

"The time spent by a defendant in jail awaiting trial or sentence cannot be considered as part of any judgment subsequently pronounced, and is not embraced within any penalty imposed."

Subsequent to these decisions, the Legislature has provided authority for granting "jail time consideration" for a first offender, but no such authority has otherwise been provided.

While it seems unfair that a defendant be held in the county jail for the length of time this petitioner was held, neither the trial judge nor the Court of Criminal Appeals has the authority to give him credit for such time. In Ex parte Pruitt, 95 Okl. Cr. 248, 244 P.2d 594, this Court, quoting

Ex parte Colbert, 94 Okl.Cr. 300, 235 P.2d 541, said:

"Where the penalty has been fixed by either jury or trial judge, the granting of credit for time spent in jail awaiting trial or sentence is a matter within the sole and exclusive jurisdiction of the Governor under Constitution to grant reprieves, paroles and pardons for all offenses except impeachment." [Okl.Const. Art. 6, § 10]

■ The statute (Tit. 20, Okl.St.Ann. § 41) gives the Court of Criminal Appeals jurisdiction and power to issue the writ of mandamus, directed to an inferior court, in the exercise or in aid of its appellate authority, where the same is a proper proceeding in a criminal case, but without legislative authority, or absent sufficient showing of the violation of some constitutional right, mandamus to an officer, or the warden of the state penitentiary, is said to be the exercise of original jurisdiction. State ex rel. McDaniel v. Turner, 84 Okl.Cr. 247, 181 P.2d 296.

The petition for writ of mandamus must be denied for the reasons herein stated. However, with the present law pertaining to the Pardon and Parole Board, opportunity is afforded petitioner for a review of his case, and for such action as the Board deems advisable under the facts and circumstances; and it occurs to the writer of this opinion that, no reasons being shown for having held this prisoner in the county jail of Tulsa County from the date of his sentence, September 21, 1965 until February 8, 1966 before transferring him to the State Penitentiary to commence serving his term, it would appear that he is entitled to some consideration by that Board.

The writ of mandamus is denied, and the petition dismissed.

NIX, P. J., and BUSSEY, J., concur.