# Ex parte ARMOND SWAIN.

No. A-11114.   Jan. 12, 1949.
(202 P. 2d 223.)

Armond Swain, of McAlester, pro se.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for respondent.

JONES, P. J.  This original action in habeas corpus was instituted by the petitioner, Armond Swain, for the purpose of securing his release from imprisonment in the State Penitentiary.

In the verified petition it is alleged that on April 4, 1945, the petitioner entered his plea of guilty to the crime of grand larceny in the district court of Logan county, Okla., and was sentenced to serve a term of three years imprisonment in the State Penitentiary, and at the same time and place the district court suspended the sentence of the petitioner.

The petitioner further alleges that on May 2, 1946, the petitioner enlisted in the United States Army under an agreement had with his parole advisor that if he would enlist in the United States Army it would constitute a full discharge of all his obligations and conditions under the suspended sentence; that on August 26, 1947, petitioner was discharged honorably with a medical discharge from the United States Army.

That thereafter, on February 27, 1948, the district court entered an order attempting to revoke the suspended sentence which had been granted to the defendant and in said order revoking the suspended sentence, the district court directed that petitioner be immediately committed to the State Penitentiary to serve the three year sentence pronounced against him on April 4, 1945, for the crime of grand larceny; that pursuant to the revocation of said suspended sentence, the sheriff of Logan county transported the petitioner to the penitentiary where he is now confined.

The petitioner further alleges that the trial court had lost all jurisdiction to revoke his suspended sentence and that the order revoking said suspended sentence was without authority and that his confinement in the State Penitentiary is illegal.

At the hearing before this court, a photostatic copy of the judgment and sentence was introduced in evidence.

This instrument shows that the defendant was sentenced to serve three years' imprisonment in the State Penitentiary upon his plea of guilty to the crime of grand larceny. It was further ordered that the sentence be suspended during the good behavior of said defendant and that said defendant be paroled to J. Wilbur Brown and J. F. Wolf. The judgment and sentence also contains these further provisions:

"It is the further order of the Court that said defendant be and he is hereby restrained from loafing in and about the town or city of Crescent, Logan County, Oklahoma, especially after 9 o'clock at night, unless specifically permitted to do so by the person to whom he is herein paroled; that said defendant be and he is hereby restrained and enjoined from attending public dances, frequenting pool halls, beer parlors, and all such places; that he is hereby restrained and enjoined from gambling, card-playing and specifically enjoined from the use of spirituous and vinous liquors.

"It is the further order of the Court that from and after the date of the parole herein provided that said defendant be in all respects subject to the orders, admonitions and commands of the person to whom he is herein paroled. It is the further order of the Court that said defendant report to the Judge of this Court on the second Saturday of January and on the second Saturday of July at each succeeding term during the pendency of said judgment, and prove to the satisfaction of said Judge by two citizens of said County of good reputation that said defendant has not violated any law, and has been a quiet, peaceful and law-abiding citizen."

On January 30, 1948, the county attorney of Logan county filed a motion to set aside and revoke the order made on April 4, 1945, suspending the sentence of the defendant for the reason that defendant had been convicted in two different criminal actions filed in the county court of Logan county, and had received a sentence

of 30 days imprisonment in the county jail in each of said cases. In one of these cases, the defendant was charged with obtaining property by means of a bogus check in the sum of $4; and in the other, the defendant was charged with the offense of petit larceny, in which he was alleged to have stolen two cow hides of the approximate value of $9.40.

On February 27, 1948, the motion of the county attorney to revoke and set aside the order suspending the sentence of defendant came on for hearing and the order revoking the suspended sentence recites in part:

"The Court finds, and is satisfied from the evidence introduced, that said defendant has violated the terms and conditions of the order heretofore made on the 4th day of April, 1945, and by reason thereof the Court finds that the said suspension of sentence should be set aside and the sentence carried out in full according to its terms.

"It is therefore ordered, adjudged and decreed by the Court that the said order of this Court dated the 4th day of April, 1945, suspending the sentence of the defendant, Armond Swain, be, and the same is hereby set aside and revoked.

"It is the further order of this Court that the Sheriff of Logan County, Oklahoma, take the defendant, Armond Swain, and deliver him to the Warden of the State Penitentiary at McAlester, Oklahoma, and that the Warden receive and detain him according to the foregoing order, sentence and judgment."

We once again emphasize that the statute, 22 O.S. 1941 §§ 991, 992, conferring the right on courts of record to suspend the sentence of a person convicted of crime does not authorize the court to treat said authority as giving them the right to pardon or parole the offender. Ex parte Boyd, 73 Okla. Cr. 441, 122 P. 2d 162.

The trial court does not have a right to enlarge upon the statute by prescribing conditions not named in the statute or by so wording the order of suspension of sentence that it could be construed as a pardon or a parole. Ex parte Banks, 74 Okla. Cr. 1, 122 P. 2d 181.

The power to grant reprieves, commutations, paroles and pardons for all offenses, except impeachment, is vested in the Governor, and any act attempting to place any of this authority in the courts would be unconstitutional. Okla. Const. art. 6, sec. 10.

The trial court in the instant case was greatly exceeding his authority when he entered an order paroling the accused to two individuals, and further providing that thereafter the accused should be subjected to the orders, admonitions, and commands of the persons to whom he was paroled.

The case of Ex parte Boyd, supra, was a test case involving the constitutionality of the act authorizing courts of record to suspend the judgment and sentence of a person convicted of crime. The constitutionality of said act was sustained by a majority of the court, with Judge Doyle vigorously dissenting. If the act is construed and treated by courts of record as authorizing them to parole offenders and to write different terms and conditions in the suspension other than those set forth in the statute, then said statute would certainly be unconstitutional as attempting to confer on courts of record a power which is vested exclusively in the Chief Executive subject to the recommendation of the pardon and parole board.

In the instant case, the trial court under the statute had the legal right and accordingly did at the time of the pronouncement of the judgment and sentence enter

an order suspending the execution of the sentence on certain conditions. In so far as the conditions inserted in the order were in excess of those set forth in the statute, they were not operative and were without legal force and effect.

It appears that in January, 1948, and before the three year sentence had elapsed, the defendant was guilty of committing certain acts which were a violation of the terms of the suspended sentence as set forth in the statutes, 22 O.S. 1941 §§ 991, 992, and the trial court had the authority to enter an order revoking the suspended sentence.

In Ex parte Boyd, supra [73 Okla. Cr. 441, 122 P. 2d 163], the following rules of law were adopted:

"The language of the statute empowering court to suspend sentences is important in determining extent of court's power, since such power did not exist at common law.

"Only those persons coming within terms of statute are eligible for suspended sentence, but they have no right to demand the same; and it may not be granted to them except at the discretion of the court.

"Where all constitutional and statutory guarantees have been observed in criminal prosecution, requirements of due process are fully satisfied; presumption of innocence is overcome, and hence suspension of sentence is not a matter of right, but purely within trial court's discretion.

"One brought before court accused of violating conditions of suspended sentence is not entitled to benefit of counsel nor to a jury trial as a matter of right.

"When execution of a sentence is suspended, the judgment itself is not impaired or limited. The time for its execution is merely deferred, as a matter of grace,

subject to being withdrawn by the court for a violation of some of the conditions named in statute.

"The revocation of a suspended sentence is a matter addressed to the sound judicial discretion of trial judge, and the hearing in connection therewith may be of a summary character.

"In habeas corpus proceeding by accused, attacking trial court's revocation of suspended sentence, order of revocation reciting that prisoner was present in court when hearing on accusation that conditions of suspension had been violated was held, and that court finds that defendant has violated conditions of suspended sentence, creates presumption that trial court found from facts brought to his attention that defendant had violated conditions set forth in statute and is sufficient to sustain trial court's action, in absence of proof that court acted arbitrarily or through mere whim or caprice."

From what has been hereinabove said, it is apparent that the court had authority to revoke the suspended sentence and that the commitment of the petitioner to the State Penitentiary was valid.

The writ of habeas corpus is denied.

BAREFOOT and BRETT, JJ., concur.