**In re Habeas Corpus of Ronnie KEITH.**
**No. A–16474.**

Court of Criminal Appeals of Oklahoma.
March 17, 1971.

Robert G. Brown, Tulsa, for petitioner.

Larry Derryberry, Atty. Gen., James L. Gullett, Asst. Atty. Gen., for respondent.

## OPINION

BRETT, Judge.

This is an original proceeding in which Ronnie Keith, by petition for writ of habeas corpus, seeks release from his incarceration in the Oklahoma State Penitentiary. Petitioner is confined to serve the remainder of a two and one-half (2½) year sentence from a conviction in Tulsa County on November 12, 1968, case No. 23586, for the crime of Carrying A Concealed Weapon After Former Conviction of a Felony. Petitioner shortly after his trial was delivered to the Warden of the Oklahoma State Penitentiary.

On July 1, 1970, without petitioner having applied for, or requested a probationary status, he was released from the State Penitentiary on a "conditional release" and/or "parole or probation"—under the provisions of 57 O.S.Supp.1967, § 512. At the hearing for the writ of habeas corpus, counsel asserts that petitioner initially declined to sign the condition sheet, but subsequently acquiesed and executed the acknowledgment of the terms of his release, one of which is as follows:

"7. I understand that I am to remain under supervision by Probation and Parole Division until I serve my maximum term or may be granted a Pardon by the Governor of the State of Oklahoma."

Shortly after petitioner's release he was convicted of another crime of Robbery in the State of Nevada and was given a five year suspended sentence; and was advised to report to the Department of Corrections of the State of Oklahoma for supervision under the Uniform Corrections Act.

After petitioner's return to Oklahoma he was arrested and held in the Tulsa County Jail pending a hearing on the matter or revocation of his conditional release from the Oklahoma State Penitentiary. The hearing was held February 1, 1971, before an officer of the Oklahoma State Department of Corrections, and the "conditional release" was revoked and he was committed to the State Penitentiary to serve the remainder of the term from which he had been discharged.

Petitioner first tested the revocation by Habeas Corpus before the Honorable Robert G. Green, District Judge of Tulsa County. The habeas hearing was had by stipulation, a copy of which was attached to the petition in this Court, and which was acknowledged by the Assistant Attorney General at this hearing on March 9, 1971. This stipulation includes the provisions that petitioner, after conviction and sentencing, was transported to the Oklahoma State Penitentiary at McAlester where he remained for nineteen months and twenty days, in actual custody; that at the time of petitioner's release, petitioner's credits, including "good time" and "days work performed by him" exceeded ten months and eleven days as authorized by 57 O.S.A. § 138; that petitioner did not apply for parole, nor was a parole ever granted; and that on the first day of July, 1970, petitioner was released as a "conditional releasee".

Petitioner contends that he has fully and completely served the term of which he had been sentenced at the time he was released on "Conditional Release"; that his subsequent incarceration in the penitentiary to serve the remaining time is illegal and violates his constitutional rights; and that the act of revocation of his "conditional release" was void and without effect of law.

Title 57 O.S. § 138 provides, in part:

"every convict who shall have no infractions of the rules and regulations of the prison or laws of the State recorded against him *shall be allowed* for his term

a deduction of two (2) months in each of the first two (2) years; * * *." (Emphasis added.)

■ The language of Section 138 is mandatory and is a clear expression of the legislative intent regarding the deductions of time allowed under the Statute. Petitioner also asserts that the Department of Corrections is without authority to revoke those credits by revocation of his conditional release. The State responds that 57 O.S.Supp.1967, § 512 is specific authority for the granting of the conditional release, and for the revocation of the same.

Section 512 provides, as follows:

"When a prisoner has served his term or terms in prison, less credits for good conduct, and is to be released from prison, the *Director shall prescribe as a condition of his release that he be under the supervision of the Division of Probation and Parole of the Department* and that he comply with specified requirements *until the expiration of the maximum term or terms for which he was sentenced.* The Probation-Parole Officer shall upon information sufficient to give him reasonable grounds to believe that the releasee has violated the terms of and conditions of his release, notify the Deputy Director of the Division of Probation and Parole. The Deputy Director of the Division of Probation and Parole, if he determines that the facts justify such action, shall issue a warrant for the arrest of any such releasee and any such warrant shall have the force and effect of any warrant of arrest issued by District Court in this State. Any such releasee shall, after arrest, be immediately incarcerated in the nearest county jail to await action of the Director as to revocation of his release." (Laws 1967, c. 261, § 12, emerg. eff. May 8, 1967.) (Emphasis added.)

We observe that Article VI, § 10, of the Oklahoma State Constitution creates the Pardon and Parole Board, and provides for its recommendations to the Governor

concerning: Reprieves, commutations, paroles and pardons. Title 57 O.S. § 332 through § 355, provides the statutory authority governing the Pardon and Parole Board concerning the granting of reprieves, commutations, paroles and pardons. Nowhere in the Oklahoma State Constitution do we find any other authority concerning the subject of granting paroles. Authorization for the Director of the Department of Corrections to grant the conditional release, in the nature of a parole, appears in the Act creating the Department of Corrections, which is referred to as the "Oklahoma Corrections Act of 1967" (Laws 1967, c. 261, § 12, effective May 8, 1967) cited as 57 O.S. §§ 501–527. Hence, we are bound to determine that the Oklahoma Legislature is without constitutional authority to add to the provisions of Article VI, § 10 of the Oklahoma Constitution, as 57 O.S. § 512 appears to do.

We therefore hold that the statutory provision for conditional releases, found in 57 O.S. § 512, is in direct conflict with the Article VI, § 10 of the Oklahoma State Constitution. We further hold that when a prisoner has served a sufficient number of days to complete his sentence, including good time credit computed under Title 57 O.S. § 138, he is to be released with a full and unconditional discharge as having satisfied the judgment and sentence. See: Hunter v. Facchine, 10 Cir., 195 F.2d 1007 (1952).

Therefore, petitioner's incarceration in the Oklahoma State Penitentiary, under the facts and circumstances of this case is illegal; and, petitioner is entitled to be released from further confinement under the judgment and sentence of the District Court of Tulsa County case No. 23586, as the same has been satisfied according to law.

It is so ordered. Writ of habeas corpus granted. The Warden of the Oklahoma State Penitentiary is directed to forthwith discharge Ronnie Keith from further confinement.

NIX, J., concurs.