Kenneth Willis DAVIS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–74–13.

Court of Criminal Appeals of Oklahoma.

April 10, 1974.

Curtis D. Glover, Roger E. Beecham, Dallas, Tex., for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., John Wilkinson, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

Kenneth Willis Davis, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Comanche County, Oklahoma, for the offense of Sale of Marijuana, Case No. CRF–72–187. His punishment was fixed at a term of two (2) years in the state penitentiary. From said judgment and sentence a timely appeal has been perfected to this Court.

As a recitation of the facts is not necessary in order to determine the issue presented on appeal, no recitation is made other than the following: The defendant, a twenty-four (24) year old senior at Cameron College, Lawton, Oklahoma, was charged with selling approximately two (2) ounces of marijuana to an undercover narcotics agent. After the State presented its prima facie case, the defendant did not testify and as defendant's brief states, "essentially his guilt was uncontested."

The defendant's sole proposition in error is that 63 O.S.1971, § 2–401(B)(2), which bars the trial court from suspending or deferring sentences or from allowing probation for a violation of said statute, is unconstitutional in that it is an encroachment upon the Judicial branch by the Legislature prohibited by Article IV, Section 1 of the Oklahoma Constitution, is in violation of the equal protection clause and due process clause, and further constitutes cruel and unusual punishment as prohibited by the United States Constitution and the Amendments thereto. We do not agree.

The pertinent portions of 63 O.S.1971, § 2–401 are as follows:

"A.   Except as authorized by this act, it shall be unlawful for any person:

"1.   To manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense, a controlled dangerous substance;

"2.   To create, distribute, or possess with intent to distribute, a counterfeit controlled dangerous substance.

"B. Any person who violates this section with respect to:

\*    \*    \*    \*    \*    \*

"2. Any other controlled dangerous substance classified in Schedule I, II, III, or IV is guilty of a felony and shall be sentenced to a term of imprisonment for not less than two (2) years nor more than ten (10) years and a fine of not more than Five Thousand Dollars ($5,000.00). *Such sentence shall not be subject to statutory provisions for suspended sentences, deferred sentences or probation.*" (Emphasis added)

The precise issue raised on appeal was considered by this Court in the recent case of Black v. State, Okl.Cr., 509 P.2d 941, wherein it was held as follows:

"The defendant argues that the section is unconstitutional and that Legislature has exceeded its constitutionally limited powers by invading the judicial domain, that the denial of the possibility of probation constitutes cruel and unusual punishment and violates due process and equal protection of the laws. We are of the opinion that the Legislature properly exercised its power to prohibit suspension of a sentence in a given case as an inherent part of its power to prescribe punishment for the acts which it has prohibited as criminal.

\*    \*    \*    \*    \*    \*

"In conclusion, we observe that the provision of 63 O.S.1971, § 2–401, which prohibits the suspension of a sentence upon conviction of the sale of the enumerated items is constitutional. We further observe that such prohibition does not represent an encroachment upon the Judicial Branch by the Legislature, nor does the same violate the Fifth, Eighth, or Fourteenth Amendments to the Constitution."

See also Williamson v. State, Okl.Cr., 510 P.2d 27 and Doyle v. State, Okl.Cr., 511 P.2d 1133. The judgment and sentence appealed from is, therefore,

Affirmed.

BRETT, J., concurs in part and dissents in part.

BUSSEY, J., concurs.

BRETT, Judge (concurring in part and dissenting in part):

Insofar as defendant appears to admit his guilt in this matter, I concur that the conviction should be affirmed; but I dissent to that part of the decision pertaining to the suspension of sentence as cited from Black v. State, *supra,* Williamson v. State, *supra,* and Doyle v. State, *supra.*