Steven Wayne POLLARD, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. PC–75–39.

Court of Criminal Appeals of Oklahoma.

Feb. 27, 1975.

## ORDER REVERSING AND RE-MANDING DENIAL OF POST CONVICTION RELIEF

In the District Court, Oklahoma County, Case No. 30528 and Case No. 30533, Steven Wayne Pollard, hereinafter referred to as appellant, sustained felony convictions wherein the sentencing judge imposed a five (5) year suspended sentence in each case, with the sentences to run concurrently. Prior to the expiration of appellant's suspended sentences, the District Attorney of Oklahoma County filed an application in the Oklahoma County District Court to revoke the suspended sentences. Appellant's suspended sentences were thereafter revoked without the appellant, being present and the hearing conducted was summary in nature.

■ Defendant first contends that his pleas of guilty were not free and voluntary. After a careful review of the record, it affirmatively appears that the defendant entered pleas of guilty with full knowledge of the nature and consequences of such pleas, while represented by counsel. We, therefore, find this proposition of error to be without merit. See Swanson v. State, Okl.Cr., 473 P.2d 656 (1970).

■ Defendant's final proposition asserts the revocation orders are invalid, as he was not given a hearing on the District Attorney's application to revoke. This Court has held that the statute in effect at the time of revocation is the governing statute. See Wrone v. Page, Okl.Cr., 481 P.2d 479 (1971). Title 22 O.S.1961, § 992, which was repealed by the Legislature on May 8, 1967, provided that any hearing in connection with the revocation of a suspended sentence could be of a summary character. See Ex parte Swain, 88 Okl.Cr. 235, 202 P.2d 223 (1949). The Legislature enacted Title 22 O.S., §§ 991a, 991b, which was effective thereafter July 29, 1969, and gave a person whose suspended sentence was being considered for revocation the right to a hearing, the right to be represented by counsel, to present evidence in his behalf, and to be confronted by the witnesses against him.

■ The record in the instant case reveals that the appellant's suspended sentences were revoked on January 19, 1968, during the time that neither of the above statutes were in effect. Therefore, in the interest of justice and to afford the appellant due process of law, the orders revoking appellant's suspended sentences are vacated. As the District Attorney's applica-

tion to revoke is sufficient to confer jurisdiction on the sentencing court, and was timely filed prior to the expiration of appellant's suspended sentences and thus tolled the expiration date of appellant's suspended sentences, it is the order of this Court that the trial court conduct a revocation hearing on the District Attorney's application to revoke, following the guidelines as set forth in Title 22 O.S.1971, § 991b.

Construction and application of this statute and the procedures to be followed are set forth in detail in State ex rel. Okl. Dept. of Corrections v. Means, Okl.Cr., 529 P.2d 1005 (1974), and should be followed in conducting said hearings.

TOM BRETT
Presiding Judge

HEZ J. BUSSEY
Judge

C. F. BLISS, Jr.
Judge