Robert Willard **BARTHIUME**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. O–75–786.

Court of Criminal Appeals of Oklahoma.

April 19, 1976.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## MEMORANDUM OPINION

BUSSEY, Judge:

Appellant, Robert Willard Barthiume, hereinafter referred to as defendant, was convicted upon a plea of guilty for the offense of First Degree Robbery, in the District Court, Oklahoma County, Case No. 34152, on July 16, 1968, and thereupon sentenced to imprisonment for a term of five (5) years, which sentence was suspended upon probation. An application to revoke the suspension of said sentence was filed with the trial court on January 10, 1969, upon the grounds that defendant had violated the conditions thereof by committing the offense of First Degree Manslaughter in the State of Minnesota. The trial court sustained that application following a hearing on August 18, 1970, at which defendant was represented by an appointed public defender but not personally present. Defendant was subsequently paroled from incarceration in Minnesota to a detainer lodged against him as result of the subject conviction, and taken before the trial court below on June 9, 1975. In accordance with the views expressed in *Pollard v. State*, Okl.Cr., 532 P.2d 854 (1975), the trial court permitted defendant to enter a plea of not guilty to the application for revocation and granted him a hearing upon the application on June 19, 1975. At the conclusion of the latter hearing, the trial court revoked the suspension of two (2) years of defendant's sentence. From the revocation order of the trial court, defendant has perfected an appeal to this Court.

At the final hearing, the State introduced without objection a transcript of the proceedings before the trial court in the State of Minnesota at which defendant entered a plea of guilty to the offense of First Degree Manslaughter and was sentenced to fifteen (15) years' imprisonment. The State also introduced without objection two letters purportedly written by defendant to authorities in Oklahoma County while he was confined at the State Penitentiary in Minnesota in 1973. In each of these two letters defendant sought relief from the detainer that had been placed against him as a result of the present conviction. Through counsel defendant did not deny the grounds for revocation but simply made a plea for leniency, emphasizing that he had only recently been released from six and one-half years' incarceration in Minnesota as a result of his conviction there. At the conclusion of the hearing, the trial court found that defendant had violated the conditions of his suspended sentence by committing the crime of First Degree Manslaughter while that sentence remained in effect.

This appeal was perfected to review the revocation proceedings below for jurisdictional or fundamental error only. The application to revoke was timely filed prior to the expiration of defendant's suspended sentence and thus extended the trial court's jurisdiction to proceed until defendant was available for a hearing thereupon. See, *Pollard v. State*, supra. Clearly, defendant suffered no prejudice as a result of the revocation hearing being delayed while he was incarcerated as a result of the intervening conviction. See, *Small v. Britton*, 500 F.2d 299 (10th Cir. 1974), and *Reese v. U. S. Board of Parole*, 530 F.2d 231, 18 Crim.L.Rep. 2402 (9th Cir. 1976). A suspended sentence imposes the inherent condition that the defendant shall not commit any felony during the period of that sentence. See, *Anderson v. State*, Okl.Cr., 489 P.2d 797 (1971). The violation of the conditions of a suspended sentence need only be shown by a preponderance of the evidence, and upon compliance with statutory requirements and considerations of fundamental fairness, the decision to revoke suspension lies within the

**368**

sound discretion of the trial court. See, *Fain v. State*, Okl.Cr., 503 P.2d 254 (1972). The decision of the trial court to revoke such a sentence in whole or only in part lies within the sound discretion of the trial court, and that decision will not be interfered with absent an abuse thereof. See, *Phipps v. State*, Okl.Cr., 529 P.2d 998 (1974). We have carefully examined the record presented on appeal for fundamental and jurisdictional defects, and are of the opinion that the decision of the trial court to revoke only two (2) years of defendant's suspended sentence should be affirmed.

For the above and foregoing reasons, the order of the trial court revoking in part defendant's suspended sentence is, accordingly, *AFFIRMED*.

BRETT, P. J., and BLISS, J., concur.