Leroy Vernon DRENNON, Jr.,
Petitioner-Appellant,

v.

Norman B. HESS and the Attorney
General, State of Oklahoma,
Respondents-Appellees.

No. 80–1063.

United States Court of Appeals,
Tenth Circuit.

Submitted Nov. 18, 1980.

Decided March 3, 1981.

Leroy Vernon Drennon, Jr., pro se.

Jan Eric Cartwright, Atty. Gen., and C. Elaine Alexander, Asst. Atty. Gen., Oklahoma City, Okl., for respondents-appellees.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

Appellant was convicted by a jury of attempting to obtain controlled drugs by forged prescription, after former conviction of two felonies, in violation of Okla.Stat. Ann. tit. 63, § 2–407 (1971); Okla.Stat.Ann. tit. 21 § 51(B) (Supp.1976). Section 51(B), a recidivist provision, required that upon a third separate felony conviction "a term of twenty (20) years plus the longest imprisonment for which the said third ... conviction was punishable, had it been a first offense" be imposed. Section 2–407 provides for a sentence of up to ten years for first offenders. Accordingly, appellant was sentenced to a thirty-year term. On direct appeal, the Oklahoma Court of Criminal Appeals affirmed the conviction but not the

sentence. In light of its determination in *Thigpen v. State*, 571 P.2d 467 (Okl.Cr. 1977), that § 51(B) was unconstitutional, the court, without stating its method of calculation, modified appellant's sentence from thirty to twenty years. *See Drennon v. State*, 581 P.2d 901 (Okl.Cr.1978).

After exhausting all state remedies available at the time, appellant filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Appellant's petition alleged failure to instruct on all essential elements of the crime, ineffective assistance of counsel, insufficiency of the evidence to support the charge and conviction, and improper modification of sentence. The district court denied appellant's request for habeas corpus relief.

Having reviewed the entire record and pertinent authorities, we affirm the district court in all respects except one.

■■■ Appellant argues that resentencing not by the court but by a jury is required where the state provides for a right to jury sentencing and where a recidivism statute relied upon by the jury for the original sentence has been declared unconstitutional. In view of two recent and supervening Supreme Court cases, *Hicks v. Oklahoma*, 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980), and *Mabry v. Klimas*, —— U.S. ——, 100 S.Ct. 2755, 65 L.Ed.2d 897 (1980), we find that the federal district court must stay its hand to give the courts of Oklahoma the opportunity to correct alleged violations of federal rights. Remanding a case to the state court "is particularly appropriate where, as here, the federal constitutional claim arises from the alleged deprivation by state courts of rights created under state law." *Mabry v. Klimas*, 100 S.Ct. at 2757. Here the extent of appellant's constitutional right to be sentenced by a jury turns on the extent to which the Oklahoma state legislature has created such a right. *Compare* Okla.Stat.Ann. tit. 22, § 926 ("In all cases of a verdict of conviction . . ., the jury shall upon the request of the defendant assess and declare the punishment in their verdict within the limitations fixed by law, . . . except as herein-

after provided.") *with* Okl.Stat.Ann. tit. 22 § 1066 ("The Appellate Court may reverse, affirm or modify the judgment appealed from . . ."). The proper construction of this statutory scheme—in light of any applicable rules of construction suggested by *Hicks*, by other constitutional cases, or by state case authority—is plainly a matter of state law in the first instance. Although the Oklahoma Court of Criminal Appeals has found that "the *Hicks* decision does not affect the authority of this Court to modify sentences in accordance with . . . § 1066," *Livingston v. State*, 614 P.2d 1118 (Okl.Cr. 1980), the federal courts do not have from the Oklahoma courts a sufficiently precise post-*Hicks* interpretation of the statutory scheme to enable them to decide an alleged due process violation arising from that scheme.

In view of the supervening cases, this habeas corpus appellant has new state remedies which he may pursue, and under 28 U.S.C. § 2254 he must pursue them before obtaining a federal court decision. Where supervening case law creates theories not available at the time state remedies were initially exhausted, state remedies must be re-exhausted to test the effect of the supervening authority before habeas corpus relief may be considered. Where the supervening authority comes down after the filing of a habeas corpus petition, the proper course for the district court is to remand the case to the state system. Accordingly, we vacate the judgment of the district court as to the sentence modification question, and we remand to that court for proceedings consistent with this opinion.

Affirmed in part, vacated and remanded in part.