STATE of Oklahoma, ex rel. Fred COLLINS, District Attorney of 20th Judicial District, State of Oklahoma, Petitioner,

v.

The DISTRICT COURT OF MARSHALL COUNTY and the Honorable Charles A. Milor, Associate District Judge of Love County, Oklahoma, on assignment to the District Court of Marshall County, State of Oklahoma, Respondents.

No. P–86–728.

Court of Criminal Appeals of Oklahoma.

Nov. 14, 1986.

**ORDER DECLINING TO ASSUME JURISDICTION**

On October 16, 1986, the Petitioner filed an application and petition in this Court seeking the issuance of the alternative writ

of prohibition or mandamus, as it pertains to Marshall County District Court Case Nos. CRF–85–19 and CRF–85–68. Petitioner is the District Attorney of the 20th Judicial District of the State of Oklahoma and the Respondents are Charles A. Milor, Associate District Judge of Love County on assignment to the District Court of Marshall County and Gary L. Lumpkin, District Judge of the District Court of Marshall County. On October 22, 1986, this Court stayed further proceedings in these two cases and ordered the respondents to file a response to Petitioner's application.

Michael Lloyd Morgan, the defendant, pled guilty to larceny of a motor vehicle in Case No. CRF–85–19 and second degree burglary in CRF–85–68. On September 10, 1985, he was sentenced under the Nonviolent Intermediate Offender Act (NIOA). 22 O.S.Supp.1984, §§ 995 to 995.9. On June 17, 1986, this Court held the NIOA unconstitutional in *Swart v. State*, 720 P.2d 1265 (Okl.Cr.1986). On August 21, 1986, according to the petitioner and the respondents, defendant "was brought before the court" although the nature of the process or application that preceded this appearance is not set out by either the petitioner or the respondents. At that hearing, which was conducted by the Honorable Charles A. Milor, defendant was allowed to withdraw his guilty pleas. The District Attorney, defendant and his counsel had agreed on a sentence but the Judge would not approve the recommendation, and he indicated he would impose a stiffer penalty. It was with the cases in this posture that the Judge allowed the defendant to withdraw his pleas. The cases were set for formal arraignment and Judge Lumpkin ultimately set these cases on the October 27, 1986, jury docket.

█ The correct procedure for bringing these cases before the District Court, or any other case that was affected by the status of the NIOA and the *Swart* case, is through the Post Conviction Procedure Act found at 22 O.S., 1981 § 1080, which states in part:

Any person who has been convicted of, or sentenced for, a crime and who claims:

(a) that the conviction or the sentence was in violation ... of the Constitution or laws of this state;

\* \* \* \* \* \*

may institute a proceeding under this act in the court in which the judgment and sentence on conviction was imposed to secure the appropriate relief. Excluding a timely appeal, this act encompasses and replaces all common law and statutory methods of challenging a conviction or sentence.

█ We find this matter was properly before the lower court as an application for post conviction relief regardless of the condition the pleadings were in. We further find that the Associate District Judge was authorized to enter an order allowing the defendant to withdraw his guilty pleas and to set the cases for trial pursuant to the provisions of 22 O.S.1981, § 1085, to-wit:

If the Court finds in favor of the applicant, it shall vacate and set aside the judgment and sentence and discharge or resentence him, or grant a new trial, or correct or modify the judgment and sentence as may appear appropriate....

We therefore DECLINE to assume jurisdiction and issue the writ requested; the stay of proceedings is hereby lifted.

IT IS SO ORDERED.

ED PARKS,
Presiding Judge
TOM BRETT,
JUDGE