**Torrey W. HOLLAND, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–616.**

Court of Criminal Appeals of Oklahoma.

Nov. 9, 1987.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., P. Kay Floyd, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Torrey W. Holland, was tried and convicted in the District Court of Woodward County for the crime of Injury of a Minor Child in Case No. CRF–84–91 and the jury returned a verdict of guilty and set punishment of ninety (90) days imprisonment in the county jail and a five hundred dollar ($500.00) fine. The trial court imposed an indeterminate sentence pursuant to the Nonviolent Intermediate Offender Act, 22 O.S.Supp.1984, § 995.1 et seq.

For his first assignment of error appellant asserts that the trial court erred in applying the Nonviolent Intermediate Offender Act because it is unconstitutional and invalid. In light of this Court's ruling in *Swart v. State*, 720 P.2d 1265 (Okl.Cr. 1986), to which this writer dissented, holding that the Nonviolent Intermediate Offender Act is unconstitutional, we agree with appellant's contention and find that this matter must be remanded for resentencing.

Appellant next alleges that the State presented insufficient evidence that he committed the crime of Injury of a Minor Child. We disagree. Appellant testified that he wilfully struck the two and one-half (2½) year old child on the back, grabbed her by the throat and hit her in the mouth. His testimony was corroborated by the physical injuries observed and by the testimony of the child's mother. A doctor who examined the child also testified that the child was indeed injured. Viewing this evidence in the light most favorable to the State, we are of the opinion that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985). This assignment of error is without merit.

Appellant finally urges that the trial court failed to instruct the jury that circumstantial evidence must be inconsistent with any reasonable hypothesis of innocence. We first observe that appellant failed to object to the instructions given and further failed to submit requested instructions; therefore, this assignment was waived. *Maghe v. State*, 620 P.2d 433 (Okl. Cr.1980). Moreover, we have reviewed the instructions as a whole and find that they fairly state the applicable law. *Green v. State*, 611 P.2d 262 (Okl.Cr.1980). This assignment is groundless.

The judgment is AFFIRMED, but this matter is REMANDED for RESENTENCING.

BRETT, P.J., and PARKS, J., concur.